IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

MARGARET D. DeBERRY,                        Civ. No. 07-3028-HO

            Plaintiff,                      ORDER

     v.

Commissioner of Social Security,

            Defendant.

Plaintiff filed this action for review of the decision of the Commissioner denying her application for disability insurance benefits and finding her not disabled from July 1, 1986 to June 30, 1992.

The administrative law judge (ALJ) did not violate SSR 83-20 by failing to rely on medical expert testimony to infer the onset date of disability or impairment, as plaintiff contends. The ALJ called on the services of a medical advisor and, giving plaintiff "substantial benefit of the doubt," concluded "for purposes of this decision only that she did have severe impairments during the period under review in the nature of fibromyalgia and chronic fatigue syndrome." (Tr. 24).

The ALJ stated sufficient reasons to reject Dr. Lowengart's opinion that plaintiff was disabled during the period under review. The reasons are supported by substantial evidence. The ALJ noted that Dr. Lowengart has treated plaintiff only since 2003, and that other physicians reached contrary conclusions after reviewing the record. (Tr. 22, 529, 533). While he accepted Dr. Lowengart's diagnoses for purposes of reaching a decision, the ALJ permissibly noted that test results regarding tender points and mineral deficiencies referenced in Dr. Lowengart's testimony are absent from, or contradicted by, the medical records. (Tr. 20-21, 538-41, 552, 591-97). The ALJ considered that plaintiff engaged in gainful activity after 1974, the year Dr. Lowengart opined that plaintiff became afflicted with chronic pain and fatigue. (Tr. 22, 69, 123, 632). The ALJ further noted the September 21, 1998 chart document evincing plaintiff's above average exercise tolerance, and that plaintiff reported "walking approximately a mile and a half every day at least" and being active at work. (Tr. 22, 264). The ALJ wrote that the weight to be accorded to medical opinions based wholly or partially on a claimant's statements varies based on the credibility of the claimant. (Tr. 25). As discussed next, the ALJ permissibly concluded that plaintiff's allegations of disabling impairments are not wholly credible.

The ALJ stated the following clear and convincing reasons,

supported by substantial evidence, to reject plaintiff's allegations of disabling impairments.  Medical records during the period of review evince less treatment than would be expected of someone faced with disabling symptoms.  (Tr. 26).  Considering plaintiff's subjective complaints during the period along with the objective medical evidence, acute periods of illness during the period have been short.  (Tr. 25).  In 1986 and 1987, plaintiff received surgical treatment for benign thyroid tumor, endometriosis, hysterectomy and salpingo-oophorectomy (Tr. 130-46).  Plaintiff was also seen for an infected burn on her finger (Tr. 222-23), hemorrhoid (Tr. 220), ligamentous strain of the right foot (Tr. 214) and heloma dura left 5th toe on June 29, 1992.  (Tr. 164).

A February 11, 1988 report of Dr. Walter Emori reflects that plaintiff complained of low grade fever over the last two years and joint swelling, with significant worsening of musculoskeletal complaints and hot flashes since undergoing the hysterectomy and oophorectomy.  (Tr. 190).  Dr. Emori diagnosed fibrositis and suspected hormonal adjustment changes.  (Tr. 192).  On March 3, 1988, Dr. Emori noted some discomfort, but that plaintiff was feeling better, resting better and more active with significantly less areas of trigger point tenderness.  (Tr. 189).  On September 12, 1988, Dr. Emori wrote that plaintiff continues to do quite nicely, is resting better, continues with some pain, has mild

trigger point tenderness consistent with fibrositis, has no inflamed joints, and looks good. (Tr. 188). Dr. Emori was pleased with plaintiff's progress and encouraged her to remain physically active. Id.

The ALJ accurately reported that while plaintiff alleged disability commencing July 1, 1986, medical records from 1986 do not reflect complaints of chronic fatigue or fibromyalgia-like symptoms. (Tr. 23, 218-25). The ALJ noted medical records indicating that plaintiff sought a full release to return to any kind of work following her second successful carpal tunnel surgery on September 16, 1999, despite her testimony of ongoing symptoms since 1992. (Tr. 26, 314, 627-29). The ALJ cited plaintiff's testimony that she left a dishwashing job during the period under review because she had foot surgery, and she left a phone clerk job when the business owner died. (Tr. 26, 621-22). The ALJ permissibly considered the inconsistency between plaintiff's statements to medical providers regarding her nicotine use. (Tr. 26, 420, 498, 501, 502).

A July 17, 2000 orthopedic evaluation states that plaintiff's "recreational interests include biking, bowling, walking, exercise, Indian drum making and walking stick manufacturing[,] [j]ewelry, sewing, hunting, shooting guns, and swimming." (Tr. 321). Plaintiff faults the ALJ for characterizing her "interests" as "activities." The ALJ could

4 - ORDER

permissibly infer from the context of the orthopedic evaluation that plaintiff is not simply an arm-chair enthusiast of the listed pursuits. The ALJ reasonably concluded that such pursuits are do not appear indicative of total disability. (Tr. 26).

Plaintiff argues that the ALJ failed to properly apply SSR 99-2p and that the record supports a diagnosis of chronic fatigue syndrome prior to the expiration of plaintiff's insured period. Plaintiff does not explain the first argument. The ALJ found that plaintiff had severe impairments in the nature of fibromyalgia and chronic fatigue syndrom during the period under review. (Tr. 29). Plaintiff fails to address assignment of error number four, where she asserted that the ALJ did not properly evaluate the combined effect of her impairments in determining whether they were equal in severity to a listed impairment or were otherwise disabling. Accordingly, there can be no reversible error regarding the finding that plaintiff's impairments do not meet or equal the listings. <u>Burch v. Barnhart</u>, 400 F.3d 676, 683 (9th Cir. 2005).

Plaintiff incorrectly claims that the assessment of her residual functional capacity (RFC) is not based on evidence. Although he rejected Dr. Lowengart's opinions, the ALJ found plaintiff to be more limited than did state agency physicians. (Tr. 27, 529, 533).

Plaintiff faults the ALJ for discounting her husband's

5 - ORDER

testimony and disregarding his letter of November 11, 2004. In the letter, plaintiff's husband described observations of plaintiff's symptoms in 2004. (Tr. 124-26). He further wrote that symptoms first began to manifest themselves in the late 1980s and early 1990s. (Tr. 126). In his testimony, plaintiff's husband described plaintiff's symptoms of minimal impact in the mid 1980s and fitful sleep and "brain fade" by 1992. (Tr. 640-44). He further endorsed the 2004 letter. (Tr. 644). The ALJ correctly noted that plaintiff's husband's testimony does not support alteration of the ALJ's assessment of plaintiff's RFC. (Tr. 26). Nor does plaintiff's husband's 2004 letter address the severity of symptoms experienced by plaintiff during the period under review.

The ALJ permissibly rejected Dr. Lowengart's opinion and plaintiff's testimony. Medical evidence of record would support a lesser degree of restriction than that assessed by the ALJ. The ALJ did not violate SSRs 83-20 or 99-2p. Lay evidence provided by plaintiff's husband for the period under review does not prove limitations in excess of the ALJ's assessment of
///


///


///

6 - ORDER

plaintiff's RFC. Accordingly, the ALJ's hypothetical question to the vocational expert (VE) is supported by substantial evidence.

Conclusion

Based on the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED this __5th__ day of August, 2008.

                                       ___s/ Michael R. Hogan___
                                       United States District Judge